July Term, 1872.

### JAMES F. LEACHMAN *vs.* THOMAS G. ADAMSON.

1. The bill and answers in this suit having been filed prior to the law of the Code of 1868, the rule must prevail that, where an answer is sworn to and is responsive to the bill, it requires the testimony of two witnesses, or one witness and strong corroborating circumstances, equivalent to the testimony of another, to overthrow such answer.

2. A case in which a bill is dismissed by reason of the operation of the foregoing rule.

The bill in this cause was filed at July rules 1867, in the Circuit Court of Jackson county. It alleged, substantially, that Adamson, the plaintiff, had, in the year 1856, bought of the defendant Leachman, seven hundred trees in that county, and paid for them the sum of six hundred and thirty dollars. That when he went forward to cut and remove them (the plaintiff lived in Ohio) he found that Leachman had sold the land on which they stood, and he was forbidden to do so. That one S. S. Webster desired to bring suit and act as agent for plaintiff, to recover the money paid Leachman; that permission was given him accordingly. And having brought suit, subsequently colluded with Leachman and permitted the latter to obtain a judgment at law against Adamson, which was done in 1860. The bill asked that the judment be set aside for fraud, &c.

The defendants answered and denied fraud. Leachman averring that the plaintiff did not remove the timber within the time agreed upon. That in 1858, the plaintiff had brought suit to recover the money paid, but after a conversation had between the parties, he had agreed that the defendant was not

indebted to him and dismissed his suit.    That subsequently suit was brought by plaintiff for the use of S. S. Webster, which suit was tried in 1860, and resulted in a verdict for defendant.    He denied any collusion with Webster, directly or indirectly.

Webster answered, that by the terms of a "compromise contract" had between the parties, he was to deliver the timber to the plaintiff, which he did in part, and that the latter then requested him to bring suit against Leachman for his own use, Adamson alleging that by so doing, he would avoid the necessity of giving security for costs by reason of his non-residence.    This suit was tried in 1860, in open court and a verdict rendered against the plaintiff, without any fraud or collusion between defendant and Leachman.

This court held that the testimony in the case failed to establish the charge of fraud as to Leachman; and the testimony of only one witness tended to show fraud on the part of Webster.    In November, 1868, the Circuit Court of Jackson county, decreed the judgment against the plaintiff null and void, and ordered that Leachman pay five hundred dollars to plaintiff, subject to a credit of two hundred and eighteen dollars, as of the date of November 1st, 1858.

From this decree the defendant Leachman appealed.

*M. Edmiston* for the appellant.

*C. Boggess* for the appellee.

BERKSHIRE P.    In the view taken in this case, it will only be necessary to consider the 10th assignment of error, as it comprehends the whole merits of the controversy.

The only allegation in the bill, which constitutes a ground for the jurisdiction of a court of equity, is the charge of fraud and collusion on the part of the appellant Leachman, and S. S. Webster (the latter being the agent of the appellee) in the procurement of the judgment, now sought to be set aside, in the Circuit Court.    And the question now is whether the charge is made good by the testimony appearing on the record.

It must be kept in view, that the bill and answers were filed prior to the Code of this State, and the answers being

sworn to, we must be governed as to the weight and effect of them, by the rule of law which prevailed at that time. And the established rule was, that where an answer was sworn to and was responsive to the bill, it would require the testimony of two witnesses, or one witness and strong corroborating circumstances—equivalent to the testimony of another—to overthrow such answer. In this case, the charge of fraud and collusion is distinctly made against Webster—who was acting as the *agent* of the appellee—and Leachman in procuring the judgment in question, but is explicitly and particularly denied in the separate answers of each of them. It is obvious that the independent fraud of Webster in the premises, towards his principals, Adamson & Cook, could not avail them. But to affect Leachman, and enable them to prevail in their suit, it must be shown that *he* likewise participated in the alleged fraud.

From the record it appears that the charge of fraud is proven against Leachman by *one* witness only, and upon the most careful consideration, I do not find enough in the *circumstances* of the case to bring it within the rule referred to, and to countervail the effect of his answer and that of Webster's, although there may be found in the record, indications of negligence or mismanagement of the case, at law, by the plaintiff's agent, and that injustice has been done them. And it is with reluctance, therefore, that I have been brought to the conclusions indicated.

The decree must be reversed with cost here, and the bill dismissed, but without cost in the Circuit Court.

The other judges concurred.

DECREE REVERSED.